**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-4500**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

BROCK CORDERRO LEE CAMPBELL,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:15-cr-00012-1)

———————————

Submitted: February 28, 2017      Decided: March 7, 2017

———————————

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brock Corderro Lee Campbell appeals the district court's order revoking his supervised release, imposing a 10-month prison term, and ordering him to reside in a halfway house for the first 9 months as a special condition of his 36-month term of supervised release. On appeal, Campbell asserts that the district court violated his right to due process when it relied on hearsay information in imposing his sentence, and that the district court abused its discretion when it imposed the halfway house condition. Upon review of the record, we affirm.

To the extent that Campbell argues the district court violated his due process rights by improperly using hearsay testimony when sentencing him, we conclude this argument is unavailing. A sentencing court may "consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." United States v. Powell, 650 F.3d 388, 392 (4th Cir. 2011) (internal quotation marks omitted); see Fed. R. Evid. 1103(d)(3) (excluding sentencing proceedings from proceedings governed by Federal Rules of Evidence).

Here, the officer who testified at Campbell's revocation hearing gathered information from an informant regarding Campbell's criminal activity before obtaining a search warrant.

While executing the search warrant, the officer seized from Campbell's bedroom a white substance believed to be crack cocaine. Campbell's own admission to using hydrocodone and marijuana while on supervised release supports the reliability of the officer's testimony and the court's conclusion that Campbell had resumed dealing drugs after his original term of imprisonment ended. Additionally, Campbell had the opportunity to cross-examine the officer regarding his findings. The officer's testimony concerning Campbell's alleged drug dealing while on supervised release was sufficiently reliable.

Campbell next argues that the district court erred when it imposed as a special condition of his supervised release a nine-month term in a halfway house. "[W]e review a district court's imposition of special conditions of supervised release for abuse of discretion." United States v. Faulls, 821 F.3d 502, 509 (4th Cir. 2016).

"A judge has significant flexibility in formulating special conditions of supervised release," including the ability to impose a period of community confinement. United States v. Marino, 833 F.3d 1, 10 (1st Cir. 2016); see 18 U.S.C. § 3583(d) (2012) (granting district court authority to order as condition of supervised release "any condition set forth as a discretionary

3

condition of probation in section 3563(b)");* 18 U.S.C. § 3563(b)(11) (2012) (providing that district courts may require defendants to "reside at . . . a community corrections facility"). Courts may order special conditions of supervised release to the extent those conditions (1) are "reasonably related" to the offense and the defendant's history, the need to deter criminal conduct, the need to protect the public, and the need to provide the defendant with treatment or care; (2) "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve those purposes; and (3) are "consistent with any pertinent policy statements" in the Guidelines. 18 U.S.C. § 3583(d); see 18 U.S.C. § 3553(a)(1), (2)(B)–(D) (2012).

The record establishes that the district court did not abuse its discretion when it included the halfway house condition as part of Campbell's supervised release. Although Campbell does not agree that living in a halfway house will provide him with the assistance he needs following his release from prison, the record shows that the district court relied on the supervised release

---

* The Sentencing Guidelines further provide that "[c]ommunity confinement may be imposed as a condition of probation or supervised release." USSG § 5F1.1. "'Community confinement' means residence in a community treatment center, halfway house, . . . or other community facility; and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours." USSG § 5F1.1, cmt. n.1.

factors set forth in 18 U.S.C. § 3583(d) and tied those factors to Campbell's specific circumstances.

Campbell further argues that living in a halfway house for nine months is a significant deprivation of liberty. Yet almost every supervised-release condition restricts a felon's liberty. Instead, the line separating a permissible condition from an impermissible one depends on whether, given the facts of the case, the particular restriction is clearly unnecessary. See 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(d)(2). Campbell's confinement in a halfway house may be inconvenient for Campbell and his family. But the condition is not clearly unnecessary, especially given the district court's concern regarding Campbell's backsliding into drug use and his need for a stable living environment to further his education and improve upon his job prospects. See United States v. Henry, 819 F.3d 856, 875-76 (6th Cir. 2016) (noting that term of 18 months in halfway house likely complied with § 3583(d)(2)). Thus, the district court acted within its discretion when it imposed on Campbell a special condition of supervised release concerning the requirement to reside for nine months in a halfway house.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED